# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               CRIMINAL NO. 15-20292
                                            HON. DENISE PAGE HOOD

v.

EDWARD ANCHAK,

        Defendant.

_____/

## ORDER REGARDING RESTITUTION

Defendant Edward Anchak pled guilty to distribution of child pornography. On November 3, 2016, Anchak was sentenced to 84 months of imprisonment followed by five years of supervised release. A separate briefing schedule was set for the determination of restitution under 18 U.S.C. § 2259, and the parties filed briefs. The undersigned presided over two hearings regarding the amount of restitution to be ordered. The Court received and considered second written positions from the parties. For the purposes of determining the amount of restitution, the Court also has reviewed and considered the Sentencing Memoranda filed by both the Government and Anchak.

The Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259 (the "Act"), requires that a court determine and order restitution for

victims of sexual exploitation, such as distribution of child pornography. *United States v. Evers*, 669 F. 3d 645, 657 (6th Cir. 2012). Restitution is mandatory under the Act, and the victim is to be paid, by the defendant, the full amount of the victim's losses; such losses to be determined by the Court. 18 U.S.C. § 2259(b)(1), (b)(4). These losses are those suffered by a victim proximately caused by the offense and may include psychiatric and psychological care, lost income, and attorney fees. 18 U.S.C. § 2259(b)(4), (b)(4)(B)(ii) requires that the Court issue an order of restitution without regard to the economic condition of the defendant or whether the victim is entitled to compensation from insurance or any other source. The restitution order must compensate the victim for harms resulting from, or proximately caused by, the defendant's offense. 18 U.S.C. § 2259(c).

A forensic analysis of Anchak's smart phone and work computer recovered 1,863 images and 83 videos of disturbing images of infants and toddlers being sexually abused by adult males or with objects. Among the images were 100 images of the victim, "Sarah," a minor depicted in a child pornography series entitled "Marineland." Sarah has made a request for restitution in the amount of $25,000 in losses and $1,500 in attorneys' fees. Sarah's request is accompanied by extensive documentation of her losses, including psychological injury and lost income, which the Court has reviewed and considered.

In *United States v. Paroline*, 134 S.Ct. 1710 (2014), the Supreme Court determined that the general losses to a victim of child pornography are the "trade in [her] images." Anchak is "part of that cause, for he is one of those who viewed [her] images." *Id.* at 1726. Anchak possessed 100 images of Sarah via a file sharing network. Anchak was aware of how this file sharing network worked. In his first brief regarding restitution, Anchak objected to the request for restitution, claiming that Sarah's losses were not the direct or proximate result of his criminal behavior. Anchak blamed Sarah's losses on her drug abuse and poor life choices. In his second brief, Anchak does not make such a claim. The Court finds that Anchak's criminal behavior was the cause of Sarah's losses.

Sarah's losses are documented in the Government's submissions to the Court and in her request for restitution. In her own words, "every time someone else sees pictures or videos of me it feels like they are the ones who hurt me to begin with…Even though I don't know the names of all of them, I know that they are out there and I am afraid they are all around me, My fear keeps me from doing things that other girls my age could normally do…" Dkt. No. 36, Exhibit B, Victim's Impact Statement. Sarah is informed of new cases involving her images. The conduct of Anchak reminds her of her abuse.

Sarah has calculated her general losses to include: $448,552 in psychological counseling; $2,273,436 of lost wages; $27,708.41 in out-of-pocket costs and

3

expenses for restitution documentation; totaling $2,749,696.41, and $1,500 in attorneys' fees for pursuing restitution in this case.  Sarah requests $25,000.00 as restitution in this case, plus $1,500.00 for attorney fees. Sarah currently has 156 orders of restitution, as determined by the Government (or 172, as indicated by her counsel).  The dollar amount in these orders was not presented in this record, but in an October 2015 case involving a victim of the "Marineland" series, the dollar amounts of restitution orders were identified as ranging from $250 to $51,500. *See United States v. Schultz*, 2015 WL 5972421, at *2-3 (D. Mass. Oct. 14, 2015) (noting that "Marineland" had, at that time, been identified as the victim in 76 other prosecutions, awarding $26,500 based on defendant's possession of 30 "Marineland" images). Sarah requests an apportioned amount of restitution for her general losses.

In *Paroline*, the Supreme Court set forth a number of factors to consider in setting the restitution in cases such as this:

> …the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted  for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught  or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim defendant possessed; and other facts relevant to the defendant's relative causal role.

*Paroline*, 134 S.Ct. at 1728.

The Court notes that, relative to the number of past criminal defendants, at least 156 orders of restitution have been entered. The number of future offenders is not known, although the "Marineland" series is one of the most widely distributed child pornography series in the world. Anchak downloaded these images as part of a peer to peer file sharing network and thereby distributed the images of Sarah. Anchak had no connection to the initial production of the images. Anchak had 100 images of Sarah. These images are disturbing and horrible images of child pornography. Sarah has and continues to suffer from the distribution of these images. The psychological report is not optimistic regarding her ability to recover from the damages done to her by the continued distribution of these images.

Anchak agrees with the application of the factors announced in *Paroline*. Anchak also accepts the total restitution amount of $2,748,235.19. However, Anchak challenges the amount requested because he has no information about the amount of restitution ordered in the previous restitution orders and no knowledge of the number of images involved in Sarah's other cases. As the Government's brief sets forth, there are cases where the orders of restitution have been published. *See, e.g., United States v. Schultz*, 2015 WL 5972421 (D. Mass. Oct. 14, 2015) (restitution of $26,500 for 30 images to a victim in the "Marineland" series). *See also United States v. Reynolds*, No. 12-20843, 2014 U.S.Dist LEXIS 116854 (E.D.

Mich. Aug. 22, 2014) ($11,000 for 19 images and $15, 500 for 16 images for victims in a child pornography case). As noted in the *Schultz* case, as of October 2015, the restitution range in "Marineland" cases had been $250 to $51,500. Comparatively, Sarah requests $25,000 for 100 images in Anchak's possession and $1,500 for attorney fees.

In his second brief, Anchak contends that the award requested by the victim would inhibit his ability to pursue further education and support his own psychological therapy. The Court notes that a defendant's ability to pay is not a factor to be considered in these types of cases. 18 U.S.C. § 2259(b)(4)(B)(ii).

The Court has considered the factors set forth by the Supreme Court in *Paroline*. The Court relies on its reasons stated above. The Court specifically notes the nature of Anchak's involvement in the distribution of this child pornography, including his possession of 100 images and his admission of searching for child pornography for about 10 years, as well as his awareness of peer to peer file sharing network. The Court has considered the continuing injury to the victim, the total amount of damages and the apportionment requested by the victim. The Court also has considered that it is not clear whether anyone will be further prosecuted and convicted for crimes related to these images. The Court notes that mathematical calculations of the average amount of damages based on the number of orders of restitution in this case would result in some amount

between approximately $16,000 and $18,000 in damages. The Court also notes that there is no information about the number of images in Sarah's other restitution orders, but also finds relevant that one court awarded a "Marineland" victim the same restitution amount Sarah has requested, and that defendant possessed 30 images of the victim, less than one-third of images possessed by Anchak in this case. *See Schultz*, 2015 WL 5972421, at *3.

Weighing all the information presented, the Court finds that Sarah's request for $25,000 meets the goals of the Act. The Court also finds that $1,500 in attorneys' fees should be awarded to Sarah and her attorney.

Accordingly,

IT IS ORDERED that Anchak shall pay restitution in the amount of $26,500.

IT IS FURTHER ORDERED that Anchak shall make payments on this restitution in equal monthly installments during the term of his supervised release following his period of incarceration.

IT IS FURTHER ORDERED that the Judgment in this case shall be amended to reflect the Court's findings regarding restitution, as set forth in this Order.

                                        S/Denise Page Hood
                                        Chief Judge, United States District Court

Dated:  February 2, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2017, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager